AMANDA COONS, ET AL., *v.* J. A. COONS' ASSIGNEE, ET AL.

**Husband and Wife.**

> A wife agrees with her husband that he might receive and use the money coming to her under her father's will on condition that it was to be used at a future time in paying for a designated tract of land, in which she was to be interested to the extent of such payment; but the father left a will giving said designated land to the husband, burdened with the stipulation that he should pay $60 per acre into the general fund of the estate.  Also, he received from his wife $4,000 coming from her father's estate. Some years thereafter the husband made a deed to this land, in which his wife did not join, to a trustee for the payment of debts, reserving homestead, dower and the interest of his wife to the extent of the $4,000, advanced by her. There was no agreement that the husband would convey to the wife any interest in the land. Under these facts it was held that the wife could claim nothing more than to be a creditor of her husband to the extent of $4,000, and that she took no interest in the land as against his creditors.

APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

April 30, 1880.

OPINION BY JUDGE HINES:

Assuming the allegations in the answer and cross-petition of Mrs. Coons to be true, she agreed with her husband, after her marriage

in 1862, that he might receive and use the money coming to her under her father's will, on condition that it was to be used at some subsequent time in paying for a designated tract of land in which she was to be interested to the extent of the payments thus made. At the time this agreement was made J. A. Coons and wife knew that the father of J. A. Coons had made a will in which he had given the "Young place" to J. A. Coons, burdened with the stipulation that he was to pay $60 per acre into the general fund of the estate, and this is the land in reference to which the agreement between Coons and wife was made.

Subsequent to this agreement and some six years after J. A. Coons had received $4,000 from the estate of his wife's father, the father of Mrs. J. A. Coons died, leaving by his will the "Young place" to J. A. Coons upon the condition above stated. J. A. Coons and wife were living upon the "Young place" at the death of the father of J. A. Coons, and continued to reside thereon. In 1877, eight years after the death of his father, J. A. Coons made a deed to this land, in which his wife did not join, to a trustee for the payment of debts, reserving homestead, dower and the interest of his wife to the extent of the $4,000 thus advanced by her. There is no allegation in the answer and cross-petition of Mrs. Coons that there was any agreement that her husband would convey to her any interest in the land, nor was any conveyance ever made. In this suit to distribute the estate of J. A. Coons under the deed of trust, the trustee asks to be instructed as to his duties and Mrs. Coons asserts her claim to four-ninths of the "Young place." The court below sustained a demurrer to the answer and cross-petition of Mrs. Coons, and from that judgment this appeal is taken.

Under the adjudications in this state Mrs. Coons can claim nothing more than to be a creditor of her husband to the extent of the $4,000 received by him from her father's estate. She took no interest in the land itself as against creditors. But as on this appeal we are called upon to decide only as to the interest of Mrs. Coons in the land, we express no opinion as to whether the facts set up by Mrs. Coons, if properly presented, would establish her claims as against creditors.

Sec. 19, Art. 1, Chap. 63, Gen. Stat., was intended to destroy resulting trusts, and there appears no more reason why there should be a resulting trust in favor of the wife, as against creditors, when the title is acquired by will than when it is acquired by deed. It is,

as to the party furnishing the remedy, in either case an acquisition of title by purchase, to which the statute was evidently directed.

Judgment *affirmed.*

*W. S. Darnaby, for appellants.   G. W. Darnall, for appellees.*